# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Octavio Garcia,<br><br>　　　　Petitioner,<br><br>v.<br><br>Ryan Thornell,<br><br>　　　　Respondent. | No. CV-24-01747-PHX-GMS<br><br>**ORDER**<br>**And**<br>**DENIAL OF CERTIFICATE OF APPEALABILITY AND IN FORMA PAUPERIS STATS** |

Pending before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Camille D. Bibles (Doc. 17), Petitioner's Objection (Doc. 18) and Respondent's Reply (Doc. 21) regarding Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28. U.S. C. § 2254 (Doc. 1).

The Court has considered the objections and reply and reviewed the Report and Recommendation de novo. *See*, Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (stating that the court must make a de novo determination of those portions of the Report and Recommendation to which specific objections are made.)

The parties are familiar with the facts so this Order will not reiterate the Background section as set forth in the R&R (Doc. 17, pp. 1-8).

### Sufficiency of Evidence Claim (A(1):

Mr. Garcia ("Garcia") objects to the R&R finding as to the Sufficiency of Evidence Claim as set forth in the R&R at Section IV. A. 1. Garcia contends that while the medical examiner testified there were no signs of fetal compromise, he also noted it was very early

in pregnancy and that he did not and could not possibly know whether the embryo was alive at the time Ana Figueroa ("AF") died and that even if the embryo died and admitted that even if it died prior to AF's death, he could not determine functional status, and no cause of death could be determined. (Doc. 18, pp. 2-3).

In recommending rejection of this exhausted claim under 28 U.S.C. § 2254 (d)(1), the R&R found:

> The state appellate court applied the correct standard [under *Jackson v. Virginia*, 443 U.S. 307 (1979)] to determine if there was sufficient evidence to support Garcia's conviction, including explicit reference to the substantive elements of the criminal offense as defined by state law…. The appellate court noted the medical examiner's testimony that they found no indication of issues with the unborn child before the mother's death, and there was no evidence presented at trial that Ana was concerned about the baby's health before she was murdered. A rational trier of fact could have found the medical examiner's testimony was sufficient to find the mother's death resulted in the death of the unborn child. Garcia fails to meet his burden of showing that the state court's rejection of this claim was clearly contrary to or an unreasonable application of Jackson….

Doc. 17, at 18.

Garcia failed to meet his burden of showing that the sate court's rejection of this claim was clearly contrary to or an unreasonable application of *Jackson*. Garcia has not shown that the Arizona Court of Appeals' ruling on the claim of insufficient evidence was objectively unreasonable or lacking in justification beyond any possibility for fair-minded disagreement. The R&R did not err in its recommendation.

### Claims A(2)-A(4)

Garcia contends that Arizona's first-degree murder statute is unconstitutionally vague as applied because it fails to define what constitutes life, living or being alive for an embryo. *See* Doc. 17 p. 18. In Claim A(3), he argues that Arizona unconstitutionally shifted the burden to him with regard to the element of causation of the death of the unborn child, which he asserts is an essential element of the first-degree murder offense of which

he was charged. *Id*. at 20. In Claim A(4), Garcia contends that in his case the State permitted a non-unanimous jury verdict. *Id*. at 21. The R&R recommends that Claims A(2) and A(3) be denied because they are procedurally defaulted without excuse, *see id*. at 18-21, and that Claim A(4) be denied because Garcia fails to support the claim with substantive argument. *See id*. at 21-22. The R&R did not err in denying these claims.

As stated in the R&R, Garcia's mentioning of the term "burden shifting" does not satisfy the exhaustion requirement that the same specific constitutional theory argued in the federal habeas action be presented to the state court. To fairly present a federal constitutional claim in the state courts the petitioner must "plainly" identify a specific federal constitutional guarantee of his state court pleading. "Exhaustion demands more than drive-by citation, detached from any articulation of the underlying federal legal theory." *Castillo v. McFadden*, 399 F.3d 993, 1002 (9th Cir. 2005). *See also Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir. 2005); *Solis v. Garcia*, 219 F.3d 922, 929 (9th Cir. 2000); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). Additionally, Garcia failed to establish cause for, or prejudice arising from, his procedural default of this claim. Nor has Garcia established a fundamental miscarriage of justice will occur absent consideration of this claim. *Id*., at 21. The R&R did not err in denying this claim.

The R&R recommends dismissal of Claim A(4) (non-unanimous jury verdict) because Garcia failed to support the claim with any substantive argument. *See* Doc. 17, at 21-22. The only argument Garcia presents in his objection regarding the recommended dismissal of this claim is that the R&R suffered from the same flaw as the State's response—namely, concluding this is a separate claim when it was actually the explanation of the rationale behind the prohibition on vague statues, stating this issue is incorporated into the vagueness issue. *See* Doc. 18, at 6. Garcia fails to properly present a federal habeas claim regarding the unanimity of the jury's verdict in his case. Because Garcia failed to clearly and explicitly set out the A(4) argument in his appellate brief, it is not part of the claim he presented on direct appeal. *Rose v. Palmateer*, 395 F.3d 1108, 1111 (9th Cir. 2005). The R&R did not err in recommending the denial of Claim A(4).

**Claims B(1), (B2), and (B3)**

Garcia objects to the R&R's recommended denial of his claim that his appellate counsel was ineffective because they failed "to raise issues showing trial counsel was ineffective" and failed "to provide support for the ineffective assistance issues" counsel "did raise." *See* Doc. 17 at 23. Garcia contends his post-conviction counsel erred by failing to consult with a GSR expert and present to the state post-conviction court GSR-related evidence contradicting testimony "emphasized" by the State. However, as pointed out in the R&R, Garcia was unable to show that the courts had unreasonably applied *Strickland v. Washington*, 466 U.S. 668, 687 (1984) for not explaining how additional expert testimony regarding the alternative explanations for the lead particles would demonstrate actual prejudice under *Strickland*, given that trial counsel "ably and thoroughly rebutted the relevance and persuasiveness of the finding of lead on Garcia's hands," as the R&R found. Doc. 17, at 28.

Garcia objects to the R&R's recommended denial of the claim B(3) (Failure to Call Witnesses) that the underlying trial-counsel ineffectiveness claim had no merit, because it was not prejudicial. The R&R found that the claim was unexhausted, because Garcia raised a different ineffectiveness claim in his petition for review. *See* Doc. 17, at 29. Garcia fails to demonstrate how the failure to call these witnesses amounted to actual prejudice under *Strickland*. *See* Doc. 18, at 8.

Garcia's objection to the denial of his argument—that trial counsel was ineffective for failing to recognize the correct legal basis to argue for suppression of Garcia's statements—fails, because it is merely a repetition of arguments he has previously made. The admission of the statements was not prejudicial. The R&R did not err in recommending denial of Garcia's "undeveloped theories of ineffective assistance of trial counsel".

The Court agrees with the Magistrate Judge's determinations. Garcia's objections do not refute her resulting conclusions that Garcia fails to establish that the state appellate court's denial of his properly exhausted claims was contrary to or an unreasonable

application of clearly established federal law. With regard to the federal habeas claims that were not fairly presented in a procedurally correct manner to the state's highest court, Garcia fails to establish cause and prejudice with regard to his procedurally defaulted claims for relief, nor does Garia establish that a fundamental miscarriage of justice will occur absent consideration of the merits of his procedurally defaulted claims.

The Court thus accepts the recommended decision within the meaning of Rule 72(b), Fed. R. Civ. P., and overrules Petitioner's objections. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate").

**IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (Doc. 17) is accepted.

**IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment denying Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) with prejudice. The Clerk shall terminate this action.

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to "issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254. A certificate of appealability is denied because he has not made a substantial showing of the denial of a constitutional right.

Dated this 26th day of September, 2025.

_____
G. Murray Snow
Senior United States District Judge